IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JPMORGAN CHASE BANK, NA,
    Plaintiff

v.                                      CIVIL NO. 1:12-CV-348

JOY KEYSER and GREGORY KEYSER,
    Defendants

# *MEMORANDUM*

## *I.*    *Introduction*

This is an action for mortgage foreclosure, brought by Plaintiff JPMorgan Chase Bank, National Association. Presently before the court is Defendants' motion to dismiss the complaint (Doc. 26).

## *II.*    *Background*

The following facts are alleged in Plaintiff's complaint. Defendants own a parcel of real property identified as 22 Valley View Circle, East Stroudsburg, PA 18302. On or about October 19, 2006, Defendants mortgaged this property to Long Beach Mortgage Company in order to secure a loan. On September 25, 2008, all the assets of Washington Mutual Bank were transferred to JPMorgan Chase Bank by the FDIC.[1] Defendants' mortgage is now in default; hence, the entire principal and other charges (including interest, late charges, escrow advances, appraisal fees, and a property inspection charge) are immediately due.

---

[1] The complaint does not describe Long Beach Mortgage Company's connection to Washington Mutual Bank and Plaintiff. However, in its brief opposing the pending motion to dismiss, Plaintiff described itself as the "successor in interest by purchase from the FDIC, as Receiver of Washington Mutual Bank, successor in interest to Long Beach Mortgage Company[.]" (Doc. 30 at 1).

Plaintiff filed the instant case February 22, 2012. On July 20, 2012, Plaintiff moved for entry of default and default judgment. The Clerk's entry of default was entered on July 23, and default judgment was entered on July 26, 2012. On August 8, 2012, Plaintiff filed a suggestion of bankruptcy, indicating that Defendant Gregory Keyser had filed for bankruptcy on May 18, 2012. Accordingly, the default judgment of July 26 was not effective.

On October 16, 2012, after Defendant Gregory Keyser was discharged from bankruptcy, Plaintiff filed a second motion for the entry of a default judgment. The following day, October 17, Plaintiff filed a praecipe to vacate the earlier judgment of July 26. Also on October 17, Defendants filed a motion and brief raising defenses under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The court concluded that it should address Defendants' motion to dismiss before considering whether default judgment should be entered. Accordingly, the court ordered Plaintiff to file a brief opposing the motion to dismiss, and Plaintiff did so on November 26, 2012. The time permitted for Defendants to file a reply brief has now expired, and this motion is ripe for review.

III.   *Legal Standard*

A Rule 12(b)(6) motion to dismiss contests whether a complaint is sufficient to state a cognizable claim. In ruling on such a motion, we must accept all of Plaintiff's factual allegations as true, construe them in the light most favorable to Plaintiff, and determine if, "under any reasonable reading of the pleading, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). Our analysis consists of two parts: first, separating the "legal elements of a claim" from the

2

factual allegations, and second, determining whether the factual allegations "show" a plausible entitlement to relief. Id. at 210-11.

A facial attack under Rule 12(b)(1) also challenges the sufficiency of a complaint. In evaluating whether the pleading is adequate to establish standing, we apply the standard described above. In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

*IV.    Discussion*

Defendants argue that Plaintiff failed to allege that it has any rights in the mortgage—for instance, Plaintiff does not allege that it is the owner, transferee, or assignee of the mortgage, or that it has any other such connection. Defendants contend that, in the absence of such allegations, Plaintiff has no standing to bring this action, and the complaint fails to state a claim upon which relief may be granted.

In response, Plaintiff argues that it is the owner of the mortgage by operation of law, and that the exhibits attached to the complaint establish this fact. Specifically, Plaintiff points to the following. Exhibit A is the mortgage granted by Defendants in favor of Long Beach Mortgage Company, and it contains a Lender Identification Rider, which identifies Washington Mutual Bank as successor in interest to Long Beach Mortgage Company by operation of law. (Doc. 1, Exh. A, at 6). Exhibit C is a promissory note executed by Joy Keyser, containing a promise to pay Long Beach Mortgage Company, which was executed contemporaneously with the mortgage. The note contains a similar attachment—a Lender Identification Addendum, identifying Washington Mutual Bank as successor in interest to Long Beach Mortgage Company. (Doc. 1, Exh. C, at 4). Furthermore, as set forth in Paragraph 6 of the complaint, and in Exhibit B attached thereto, Washington Mutual

3

Bank was closed on September 25, 2008, and its assets, including all mortgage loans, were acquired by JPMorgan. (Doc. 1 ¶ 6; Doc. 1, Exh. B).

It is proper for us to consider the documents attached to the complaint in ruling on the instant motion. See, e.g., In re Schering-Plough, 678 F.3d at 243 (noting that "the allegations of the complaint and documents referenced therein and attached thereto" are the proper subjects of the court's consideration in reviewing a Rule 12(b)(1) motion attacking a complaint for failure to establish standing). Thus, although the complaint in this case does not characterize Plaintiff as the owner, transferee, or assignee of the mortgage, our inquiry does not end there. We can also look to Exhibits A, B, and C, attached to the complaint. These exhibits explain the connection between the original mortgagee (Long Beach Mortgage Company) and Plaintiff JPMorgan, who now seeks to enforce the mortgage. Therefore, we reject Defendants' argument that the complaint fails to establish standing or state a claim upon which relief can be granted.

IV.     Conclusion

For the reasons set forth above, we will deny Defendants' motion to dismiss. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 20, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JPMORGAN CHASE BANK, NA,
    Plaintiff

v.

JOY KEYSER and GREGORY KEYSER,
    Defendants

CIVIL NO. 1:12-CV-348

## *ORDER*

AND NOW, this 20th day of December, 2012, upon consideration of Defendants' motion (Doc. 26) to dismiss Plaintiff's Complaint, and for the reasons stated in the foregoing memorandum, it is ORDERED that said motion is DENIED. If Defendants wish to further contest the complaint in foreclosure, they shall answer or otherwise respond to the complaint on or before January 10, 2013.

                        /s/ William W. Caldwell
                        William W. Caldwell
                        United States District Judge