IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JPMORGAN CHASE BANK, NA, :
    Plaintiff :
:
    v. : CIVIL NO. 1:12-CV-348
:
JOY KEYSER and GREGORY KEYSER, :
    Defendants :

*M E M O R A N D U M*

*I.*    *Introduction*

This is an action for mortgage foreclosure, brought by Plaintiff JPMorgan Chase Bank, National Association. Presently before the court is Plaintiff's motion (Doc. 33) to dismiss Defendants' counterclaims.

*II.*    *Background*

Plaintiff's complaint alleges that Defendants own a parcel of real property identified as 22 Valley View Circle, East Stroudsburg, PA 18302. On or about October 19, 2006, Defendants mortgaged this property to Long Beach Mortgage Company. On September 25, 2008, all the assets of Washington Mutual Bank were transferred to Plaintiff, JPMorgan Chase Bank, by the Federal Deposit Insurance Corporation (FDIC).[1] Defendants' mortgage is now in default. Plaintiff seeks the entire principal and other charges, including interest, late charges, escrow advances, appraisal fees, and a property inspection charge.

---

[1] The complaint does not describe Long Beach Mortgage Company's connection to Washington Mutual Bank and to Plaintiff. However, in subsequent filings, Plaintiff has explained that Washington Mutual was successor in interest to Long Beach, and that Washington Mutual was seized by the FDIC, and its assets were then purchased by Plaintiff. (See, e.g., Doc. 34 at 1-2.)

Plaintiff filed the instant case on February 22, 2012. On January 10, 2013, Defendants filed an answer to the complaint, with affirmative defenses and counterclaims. On January 29, Plaintiff filed the instant motion to dismiss, along with a brief in support. In this motion, Plaintiffs seek dismissal of Defendants' counterclaims, under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' filed a brief in opposition on February 18. The time permitted for Plaintiff to file a reply brief has now expired, and this motion is ripe for review.

III.     *Legal Standard*

Under Rule 12(b)(1), a litigant can move to dismiss an action for lack of subject matter jurisdiction. Once such a challenge is raised, the party invoking the court's jurisdiction bears the burden of persuading the court that it has jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). We "may consider and weigh evidence outside the pleadings" in order to determine whether we possess jurisdiction over the claim. Id.; see also S.R.P. v. United States, 676 F.3d 329, 332 (3d Cir. 2012).

A Rule 12(b)(6) motion to dismiss contests whether a claimant has stated a cognizable claim. In ruling on such a motion, we must accept all of the claimant's factual allegations as true, construe them in the light most favorable to claimant, and determine if, "under any reasonable reading of the pleading, the [claimant] may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). Our analysis consists of two parts: first, separating the "legal elements of a claim" from the factual allegations, and second, determining whether the factual allegations "show" a plausible entitlement to relief. Id. at 210-11.

*IV.     Discussion*

Plaintiff argues first that Defendants' counterclaims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. In the alternative, Plaintiff argues that Defendants' counterclaims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. We will first consider the issue of subject matter jurisdiction, and proceed to analyze the merits of Defendants' counterclaims only if we determine that we possess subject matter jurisdiction.

The basis for Plaintiff's Rule 12(b)(1) argument can be summarized as follows. If the FDIC takes over a failed financial institution, then the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") requires litigants with claims against that institution to exhaust their claims through an administrative claims process before pursuing litigation in court. According to Plainitff, FIRREA applies in this case, and the court lacks subject matter jurisdiction to resolve Defendants' unexhausted claims, because FIREEA provides an exclusive remedy. The relevant text of FIRREA is set forth below:

> Limitation on judicial review. Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver [. . .]; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

Defendants dispute the applicability of FIRREA to bar their counterclaims, because their claims are raised solely against JPMorgan Chase Bank, and not against Washington Mutual Bank, nor against the FDIC as receiver. Defendants note that Plaintiff has cited "no binding legal authority for its assertion that the FIRREA applies to bar claims against a successor third-party bank[.]" (Doc. 36 at 2.) However, it is

3

Defendants who bear the burden of establishing that the court has jurisdiction over their counterclaims. We conclude that Defendants have failed to satisfy this burden. Although they contend that their claims are raised solely against "a successor third-party bank[,]" we find this inconsistent with the allegation raised in their counterclaims that JPMorgan engaged in misrepresentations from October 19, 2006 to date (Doc. 32 at 6-8). Because Defendants' counterclaims cite conduct dating back as far as date on which Defendants mortgaged their property to Long Beach Mortgage Company, it seems that these claims may relate to an act or omission of the failed institution, or involve a determination of rights over the failed institution's assets. Hence, we are not convinced that Defendants' counterclaims are outside the scope of FIRREA—specifically, 12 U.S.C. § 1821(d)(13)(D).

Defendants ask the court, in the event that we conclude FIRREA applies, that we stay their counterclaims and afford them an opportunity to exhaust their claims through the administrative review procedure. Defendants invoke 12 U.S.C. § 1821(d)(12)(B), which provides for a stay of judicial actions upon request of the conservator or receiver. In this case, however, no conservator or receiver is involved. Furthermore, and more importantly, § 1821(d)(12)(B) explicitly applies to actions "in any court with jurisdiction" over the action. As noted above, in this case, Defendants have failed to persuade us that we have jurisdiction over their counterclaims. We therefore conclude that it would be inappropriate to grant the stay requested by Defendants.

In light of our conclusion that we lack subject matter jurisdiction over Defendants' counterclaims, we need not address Plaintiff's alternative argument that these counterclaims should be dismissed under Rule 12(b)(6) for failure to state a

claim upon which relief can be granted.  Defendants' counterclaims will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

*IV.* *Conclusion*

For the reasons set forth above, we will grant Plaintiff's motion to dismiss Defendants' counterclaims.  We will issue an appropriate order.

  /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 2, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JPMORGAN CHASE BANK, NA, :
    Plaintiff :
 :
v. : CIVIL NO. 1:12-CV-348
 :
JOY KEYSER and GREGORY KEYSER, :
    Defendants :

## *O R D E R*

AND NOW, this 2nd day of April, 2013, upon consideration of Plaintiff's motion (Doc. 33) to dismiss Defendants' counterclaims, and for the reasons stated in the foregoing memorandum, it is ORDERED that said motion is GRANTED. Defendants' counterclaims are dismissed.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge