UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JPMORGAN CHASE BANK, National : 
Association, :
    Plaintiff :
: CIVIL NO. 1:12-CV-348
    vs. :
:
:
JOY KEYSER and GREGORY :
KEYSER, :
    Defendants :

*M E M O R A N D U M*

*I.*    *Introduction*

Plaintiff JPMorgan Chase Bank, National Association ("JPMorgan") brought this mortgage foreclosure action against Defendants Joy and Gregory Keyser ("Defendants"). Presently before the court is JPMorgan's motion for summary judgment (Doc. 43), which Defendants oppose. For the reasons that follow, the court will grant the motion.

*II.*    *Background*

    *A.*    *Procedural History*

JPMorgan initiated this foreclosure action by complaint filed on February 22, 2012. (Doc. 1). After service was effectuated, Defendants filed a motion to dismiss on October 17, 2012 (Doc. 26), which the court denied by memorandum and order on December 20, 2012. (Doc. 31). On January 10, 2013, Defendants filed their answer with counterclaims. (Doc. 32). JPMorgan responded with a motion to dismiss the counterclaims for lack of jurisdiction on January 29, 2013. (Doc. 33). The court granted

the motion on April 2, 2013 (Doc. 37), and, following a case management conference with the parties, set a schedule for further proceedings in this matter.

In compliance with the court's scheduling order (Doc. 42), JPMorgan filed the instant motion for summary judgment (Doc. 43) on August 28, 2013, contending that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. JPMorgan also filed a supporting brief (Doc. 45), and the concise statement of material facts (Doc. 44) required by Local Rule 56.1. Defendants filed a brief in opposition to the motion on September 18, 2013 (Doc. 46), but failed to file the required responsive concise statement of material facts. As the time period for JPMorgan to file a reply brief has passed, the matter is ripe for disposition.

      *B.*      *Undisputed Facts*[1]

On October 19, 2006, Defendants borrowed the principal sum of $169,600.00 from Long Beach Mortgage Company pursuant to a promissory note (the "Note"). (Doc. 44 at ¶ 1). To secure their obligations under the Note, Defendants contemporaneously executed a mortgage (the "Mortgage"), describing and encumbering real property they owned located at 22 Valley View Circle, East Stroudsburg, Pennsylvania 18302. (*Id.* at ¶ 2). The Mortgage was recorded in the Office of the Recorder of Deeds of Monroe County on October 31, 2006. (*Id.* at ¶ 3).

---

[1] As discussed *infra*, Part IV, the facts contained in JPMorgan's statement of material facts are deemed undisputed as a result of Defendants' failure to satisfy the requirements of the Federal Rules of Civil Procedure and the Local Rules of this court.

2

Thereafter, Long Beach Mortgage Company was succeeded by Washington Mutual Bank, which in turn was closed by the Office of Thrift Supervision. The Federal Deposit Insurance Corporation was named receiver on September 25, 2008. (*Id.* at ¶¶ 4-5). Pursuant to a Purchase and Assumption Agreement, JPMorgan acquired certain of the assets held in receivership, including the Mortgage at issue in the instant case. (*Id.* at ¶ 5).

On January 1, 2009, Defendants defaulted under the Note and Mortgage (collectively, "Loan Documents") by failing to make the monthly payment of principal, interest, and other collectible charges under the Loan Documents. Defendants have since failed to cure this default. (*Id.* at ¶ 6). On May 4, 2009, Defendants were sent a Notice of Homeowner Emergency Assistance in accordance with Pennsylvania law. (*Id.* at ¶ 7).

As a result, the sums under the Loan Documents are immediately due and collectible upon demand by JPMorgan. (*Id.* at ¶ 12). As of May 31, 2013, a total of $229,971.00 is due under the Mortgage. (*Id.* at ¶ 13).

III.    *Standard of Review*

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit

under the applicable substantive law. *Haybarger v. Lawrence Cnty. Adult Prob. & Parole,* 667 F.3d 408, 412 (3d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

At summary judgment the moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party opposing summary judgment "may not rest upon the mere allegations or denials of the pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citations and internal quotation marks omitted). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted); *NAACP v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 476 (3d Cir. 2011).

*IV.*     *Discussion*

JPMorgan's motion for summary judgment and brief are properly supported by a statement of material facts that cites to evidence of record–namely, affidavits and various loan documents–to establish the material facts of this case. Defendants, in turn,

argue that genuine disputes exist and summary judgment is inappropriate because they "have consistently and specifically denied that the mortgage at issue is in default and that the default amounts specified in the complaint are due and owing." (Doc. 46 at 4). To support this contention, Defendants point to their answer denying the allegations regarding default and amounts owed, but identify nothing beyond their own pleading to support these claims or contradict any of JPMorgan's factual assertions. (*See id.*).

Defendants have failed to controvert JPMorgan's properly supported factual assertions. As the parties opposing summary judgment, they "may not rest upon the mere allegations or denials of the pleading" to survive summary judgment. *Saldana,* 260 F.3d at 23. Because Defendants have done just that, the Court will consider JPMorgan's factual assertions to be undisputed. Fed. R. Civ. P. 56(e)(2) (permitting the court to consider facts to be undisputed where a party has failed to properly address another party's assertions of fact); *see also Reichart v. Prison Health Servs.*, No. 1:CV-11-1992, 2013 U.S. Dist. LEXIS 129293, *6 n.4 (M.D. Pa. Sept. 5, 2013) (deeming admitted all material facts set forth in the movant's statement of facts where, as here, the nonmovant failed to file a counter-statement of facts as required by Local Rule 56.1).

Reviewing these undisputed facts in the light most favorable to the Defendants, the Court finds that summary judgment in favor of JPMorgan is warranted. As set forth in greater detail *supra*, Part II.B., the undisputed facts establish that: (1) JPMorgan is the owner of a duly registered mortgage; and (2) Defendants are in default of their obligations thereunder. "In a mortgage foreclosure action, the plaintiff must show

5

the existence of an obligation secured by a mortgage, and a default on that obligation." Chemical Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995). JPMorgan has satisfied this burden, and Defendants have failed to identify any evidence that would create any triable issue. Accordingly, we will enter summary judgment in favor of JPMorgan and against Defendants.

V.          *Conclusion*

For the foregoing reasons, we will grant JPMorgan's motion for summary judgment. (Doc. 43). We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
